SOUTHERN DISTRICT OF MISSISSIPPI
FILED

AUG 1 8 2025

BY ARTHUR JOHNSTON
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BRIAN E. MOONEY,                                                           Plaintiff

v.                                                           Civil Action No. 2:25-cv-114-KS-MTP

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER;
DEAN MORRIS, LLC;
MORTGAGE CONNECT, LP;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS");
SUNRISE TITLE SERVICES, INC.;
JOHN DOES 1–10                                                              Defendants

## PLAINTIFF'S MEMORANDUM OF AUTHORITIES

IN SUPPORT OF MOTION TO REMAND AND FOR COSTS

Plaintiff, Brian E. Mooney, pro se, submits this Memorandum of Authorities in support of his Motion to Remand and for Costs pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1447(c).

### I. STANDARD FOR REMAND

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal statutes are strictly construed, and all doubts are resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The removing party bears the burden of establishing federal jurisdiction. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

### II. APPLICATION

As set forth fully in Plaintiff's Motion to Remand:

1. No Federal Question Jurisdiction Exists. Plaintiff asserts only state-law causes of action. A state-law claim referencing federal standards does not confer jurisdiction. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 813 (1986).
2. The Amount in Controversy Requirement Is Not Satisfied. Plaintiff has expressly limited his damages to less than $75,000, exclusive of interest and costs, as stated in his Amended Verified Complaint (Defendants' Exhibit 2 to Notice of Removal). Defendants' reliance on an inflated bid amount is contradicted by their own deed.
3. Diversity Jurisdiction Has Not Been Proven. Defendants failed to establish the citizenship of all LLC and partnership members, as required by *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Additionally, the forum defendant

1

rule, 28 U.S.C. § 1441(b)(2), bars removal because at least one properly joined defendant is a citizen of Mississippi.
4. Removal Was Procedurally Defective and Filed in Bad Faith. Defendants failed to obtain unanimous consent to removal, filed without entering an appearance in chancery court, and removed the case the evening before a scheduled state-court hearing, depriving Plaintiff of due process.

### III. CONCLUSION

For these reasons, and for the additional arguments set forth in Plaintiff's Motion to Remand and for Costs, remand is required under 28 U.S.C. § 1447(c). Plaintiff also requests an award of just costs and expenses, including fees, due to Defendants' bad-faith removal.

Respectfully submitted this 18th day of August 2025.

_Brian Mooney_

Brian E. Mooney, Pro Se Plaintiff
436 Old Progress Road
Moselle, MS 39459
(601) 310-6078
ifixem75@gmail.com