## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

BRIAN A. MOONEY                                                    PLAINTIFF

VS.                                          CIVIL ACTION NO. <u>2:25-CV-00114-KS-MTP</u>

NATIONSTAR MORTGAGE, LLC,
D/B/A MR. COOPER; DEAN MORRIS, LLP;
MORTGAGE CONNECT, LP; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. ("MERS"); SUNRISE TITLE SERVICES, INC.;
JOHN DOES 1-10                                                    DEFENDANTS

_____

### <u>MEMORANDUM OF AUTHORITIES IN SUPPORT OF MOTION TO DISMISS,</u>
### <u>PURSUANT TO FED. R.CIV. P. 12(b)(6), AND/OR IN THE ALTERNATIVE FOR</u>
### <u>SUMMARY JUDGMENT</u>

COMES NOW Defendant, Mortgage Connect, LP (hereinafter "Mortgage Connect"), by
and through counsel, and files herein its Memorandum of Authorities in Support of Motion to
Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and/or in the alternative for Summary Judgment,
and in support thereof would show unto the Court the following:

### <u>FACTS</u>

1.

Mortgage Connect acted as the title company and/or escrow agent for the closing of
Plaintiff's loan with Nationstar Mortgage, LLC d/b/a Mr. Cooper.  Among other tasks related to
the closing, Mortgage Connect facilitated the execution of the relevant closing and loan
documents, including the subject Note dated February 12, 2021 and Deed of Trust dated
February 12, 2021 and recorded on February 19, 2021, as Instrument Number 12100561.

2.

Mortgage Connect is not a lender or loan servicer and had no role nor involvement in the origination or servicing of the loan, nor did Mortgage Connect have any role or involvement in any foreclosure proceedings.

3.

As noted above, on February 19, 2021, Mortgage Connect caused to be recorded, as Instrument Number 12100561, the subject Deed of Trust executed by Plaintiff.  Upon receipt of the executed closing package from Plaintiff, Mortgage Connect noted that the indexing instructions and the phone number for the Trustee were not included on the first page of the Deed of Trust.  Thus, Mortgage Connect added the indexing instructions, which matched the legal description exactly and which did not alter or change the legal description nor any right, duty, and/or obligation of any party under the Deed of Trust, and the Trustee's phone number, which was a purely formal and informational matter, and both of which were needed for purposes of ensuring the Deed of Trust was in proper, recordable form.

4.

Mortgage Connect recorded the Deed of Trust and disbursed the loan based upon the Closing Disclosure and the lender's instructions and conveyed or caused to be delivered the executed closing package to Nationstar Mortgage, LLC d/b/a Mr Cooper.  After that point, Mortgage Connect had no further role or involvement with the Plaintiff's loan.

## PLAINTIFF'S ALLEGATIONS AS TO MORTGAGE CONNECT

5.

Plaintiff's Amended Complaint makes the following allegations and/or assertions as to Mortgage Connect:

a.  That Mortgage Connect made material alterations to the subject Deed of Trust that should render the Deed of Trust void and of no effect and subject to cancellation and removal from the land records of Jones County.

b.  That Mortgage Connect named a dissolved entity as Trustee, which Plaintiff also argues to be grounds for the Deed of Trust being declared to be void and subject to cancellation and removal from the land records of Jones County.

c.  That Mortgage Connect failed to deliver the Closing Disclosure three (3) days before the closing, which constitutes a violation of TILA and/or Regulation Z.

d.  That Mortgage Connect "facilitated or recorded false documents and failed to perform its fiduciary and statutory duties under Mississippi law."

e.  That Mortgage Connect "fraudulently obtained instruments" from Plaintiff.

f.  That Mortgage Connect failed to produce to Plaintiff documents with "original blue-ink signatures" of Plaintiff from the closing.

g.  That all of these actions of Mortgage Connect constitute substantive and procedural due process violations under the 14th Amendment of the U.S. Constitution and Article 3 § 14 of the Mississippi Constitution.

h.  That Mortgage Connect should be held liable, along with the other defendants, for a criminal conspiracy against Plaintiff under Mississippi's RICO statute and be ordered to pay treble damages.

## **SUMMARY OF THE ARGUMENT**

6.

Mortgage Connect maintains that Plaintiff has not stated any valid claims for relief against Mortgage Connect that are plausible on their face, even taking all of the Plaintiff's allegations as

true.  In addition, and/or in the alternative, Mortgage Connect maintains that, based upon the

Exhibits attached to Plaintiff's Complaint and Amended Complaint, there are no genuine issues of

material fact as to any claim(s) attempted to be alleged against Mortgage Connect and that,

therefore, Mortgage Connect is entitled to judgment as a matter of law as to all claim(s) attempted

to be alleged against Mortgage Connect.

7.

The standard applicable to a Motion to Dismiss under Fed R. Civ. P. 12(b)(6) is well-settled

and warrants little discussion or preamble.  As aptly stated in the case of *Stallworth v. Newrez,*

*LLC, et al.*, 2024 WL 3707548 (S.D. Miss. 2024):

> To survive a Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim
> upon which relief can be granted, "a complaint 'does not need detailed factual
> allegations,' but must provide the plaintiff's grounds for entitlement to relief—
> including factual allegations that when assumed to be true 'raise a right to relief
> above the speculative level.' " Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007)
> (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L.
> Ed. 2d 929 (2007)). In other words, the complaint "must contain sufficient factual
> matter, accepted as true, to state a claim for relief that is plausible on its face."
> Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)
> (internal quotation marks and citation omitted). "In determining whether a
> plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information
> to which the court addresses its inquiry is limited to [ ] (1) the facts set forth in the
> complaint, (2) documents attached to the complaint, and (3) matters of which
> judicial notice may be taken under Federal Rule of Evidence 201." Walker v.
> Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019).

8.

Likewise, the standard applicable to a Motion for Summary Judgment under Fed.

R. Civ. P. 56 is also well-known and well-settled:

> A motion for summary judgment under Federal Rule of Civil Procedure 56 requires
> the court to determine whether the moving party is entitled to judgment as a matter
> of law based on the evidence thus far presented. Fed. R. Civ. P. 56(c). Summary
> judgment is proper "if the pleadings, depositions, answers to interrogatories, and
> admissions on file, together with the affidavits, if any, show that there is no genuine
> issue as to any material fact and that the moving party is entitled to judgment as a

matter of law." Kee v. City of Rowlett, 247 F.3d 206, 210 (5th Cir. 2001). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. Crawford v. Formosa Plastics Corp., 234 F.3d 899, 902 (5th Cir. 2000). The court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. Id.

Id.

9.

In support of its arguments, Mortgage Connect would argue, in summary:

I. **Alterations to Deed of Trust**. Adding indexing instructions which do not alter, add to, or amend the legal description in any way and a phone number for the Trustee on page one of the Deed of Trust were not material alterations but were, rather, purely formal changes that have no bearing or impact upon any right, duty, and/or obligation of any party to the Deed of Trust; accordingly, the Deed of Trust is not void as a result of those non-material and purely formal alterations and there is no legal or factual basis for the Deed of Trust to be declared void or to be cancelled and removed from the land records of Jones County.

II. **Trustee Named in Deed of Trust**. The entity named as Trustee in the Deed of Trust was still an existing entity, by merger with a new company, as of the execution of the Deed of Trust, and still had the legal capacity to take any action(s) needed to wind up the business of the former entity or to complete any tasks related to the merger, including addressing a Trustee designation such as this; thus, even the purported factual basis for Plaintiff's allegations in that regard is meritless and incorrect, because the entity named as Trustee still had the legal capacity to address the naming of the Trustee in the Deed of Trust, if the need had arisen to do so. The need to correct or update the naming issue, however, never arose because the beneficiary under the Deed of Trust

subsequently named a Substituted Trustee. Moreover, and in any event, there is no law in Mississippi that even suggests, much less declares, that a Deed of Trust is void and subject to cancellation if the named Trustee is a dissolved entity or is unable to serve. On the contrary, Mississippi law is clear that the beneficiary of the Deed of Trust is free to appoint a successor or Substitute Trustee if the originally named Trustee is unable to serve. Thus, Plaintiff has not stated any claim for relief with regard to the alleged naming of a dissolved entity as Trustee.

III. **Alleged TILA Violations**. Mortgage Connect, as a title company and not as a "creditor" or lender as defined by TILA or Regulation Z, is not subject to any private right of action under TILA, whether it delivered the Closing Disclosure three (3) days prior to closing or not. Additionally, such violations under TILA must be brought, at the earliest, within one (1) year of the alleged violation, or at the latest within three (3) years of the alleged violation, which Plaintiff here clearly failed to do. Accordingly, Plaintiff has not stated any claim for relief against Mortgage Connect under TILA and/or Regulation Z. In addition and/or in the alternative, Mortgage Connect is entitled to dismissal or Summary Judgment based upon the statute of limitations.

IV. **Alleged Duties Owed to Plaintiff**. Mortgage Connect served as the title company who assisted with or coordinated the closing of Plaintiff's loan with Nationstar. Mortgage Connect recorded the subject Deed of Trust that was duly and voluntarily executed by Plaintiff, making only non-material and purely formal additions of indexing instructions and a telephone number for the Trustee on the first page of the Deed of Trust; thus there was nothing even conceivably "false" about the Deed of Trust that was recorded. Further, Mortgage Connect, as the title company who simply

coordinated the closing, owed no fiduciary duties to the Plaintiff at all, because it did not act in any fiduciary capacity for Plaintiff.  Plaintiff has made no allegations that could support the claim that Mortgage Connect and Plaintiff were in a fiduciary relationship.  Plaintiff has also not alleged, described, nor cited to any statutory duty that Mortgage Connect may have owed to Plaintiff or that Mortgage Connect may have violated (even if such statutory duties exist, which Mortgage Connect denies).  Plaintiff cites to no statute for these claims, because no such statue exists under Mississippi law, nor does Plaintiff allege or describe any possible violation of any duty of any kind by Mortgage Connect, whatever Mortgage Connect's duties to Plaintiff may have been.  Simply Indexing Instructions and the Trustee's phone number to the first page of the Deed of Trust are clearly and undeniably not a violation of any duty, fiduciary or otherwise.  Thus, Plaintiff has not stated any claim for relief with regard to the alleged recording of "false" documents or the failure to perform fiduciary and statutory duties.

V.  **Alleged Fraud**.  Plaintiff has not pled any allegations of fraud with particularity, and, further, taking Plaintiff's allegations as true and viewing Plaintiff's Exhibits and accepting them at face value, it is plainly and undeniably clear that there was nothing resembling fraud or even conceivably fraudulent in any action(s) taken or not taken by Mortgage Connect with regard to Plaintiff's loan closing.  The allegations and/or suggestions of fraud are patently and obviously meritless and without any legal or factual basis, even taking all of Plaintiff's allegations to be true.

VI. **Wet-ink Originals**.  There is no Mississippi law or cause of action related to the color of ink one must use in executing original documents, nor is there any law in Mississippi that would require a title company to return the "wet-ink" or, specifically, "blue ink"

originals to a borrower upon request after closing. Based upon changes in technology and other factors, which are (or should be) well-known by now, wet-ink originals in many contexts, including for purposes of the Rules of Evidence in legal proceedings, are simply not required to be produced or retained and are not necessary to prove or establish the validity of contractual agreements. In any event, there is certainly no cause of action in Mississippi against a title company for failing to return 'blue-ink' originals to borrower upon request after closing. No such cause of action exists in Mississippi. Moreover, it is difficult to imagine what legal significance the color of the ink used for signing is supposed to have. Here again, Plaintiff has stated no claim for relief as to the color of the ink Plaintiff used to sign the closing documents; nor as to the color of the ink on Plaintiff's copies of the closing documents; nor as to whether Mortgage Connect as the title company was required to deliver back to Plaintiff "blue-ink" originals.

VII.    **Alleged Due Process Violations**.  Plaintiff's allegations related to the alteration of the Deed of Trust, the naming of the Trustee in the Deed of Trust, nor any of the Plaintiff's other allegations as to Mortgage Connect implicate substantive or procedural due process rights under the 14th Amendment of the U.S. Constitution or Article 3 § 14 of the Mississippi Constitution, because Plaintiff has not alleged or described any state action. Plaintiff's claims, even if they might be construed to state some claim for relief (which Mortgage Connect denies) could only possibly implicate claims against for private actions such as breach of contract or other alleged wrong(s) committed by purely private actors. There is no question that Mortgage Connect is not a state actor nor capable of state action. Thus, Plaintiff has stated no claim for relief against

Mortgage Connect for any due process or constitutional violation(s) and/or Mortgage Connect is entitled to Summary Judgment as to any due process or constitutional claims.

VIII.    **Alleged Mississippi RICO Violations**. Mississippi's RICO statute does not provide any private cause of action unless/until there has been a criminal conviction for a violation of that statute.  Accordingly, Plaintiff has stated no claim for relief against Mortgage Connect for any violation(s) of Mississippi's RICO statute.

Each of these arguments will now be examined in turn.

**I.  Alterations to Deed of Trust**

Plaintiff goes on at length about alleged "material alterations" to the subject Deed of Trust repeating numerous times the naked and unsupported allegation that Mortgage Connect illegally and materially altered the Deed of Trust after its execution in such a way that the Deed of Trust should be declared void in its entirety and should be cancelled and removed from the land records of Jones County.

Plaintiff cites to *MS Code* §89-5-7 for the proposition that a 1 week delay between execution and recording of the Deed of Trust violated some right of Plaintiff or resulted in some wrong to Plaintiff and that *MS Code* §89-5-7 requires a recorded instrument to "mirror" the executed version; however, *MS Code* §89-5-7 simply doesn't say either of those things, nor can any of the language *MS Code* §89-5-7 be reasonably interpreted or argued to mean either of those things.

Plaintiff also cites to *Citizens National Bank v. Waltman*, 344 So.2d 725 (Miss. 1977) for the proposition that "unauthorized" alterations to an instrument "void the instrument as to all parties;" however, the *Citizens National* case simply does not say that nor are there any words to

that effect in that case, nor any words that can be reasonably interpreted to have that meaning. *Citizens National*, rather, deals with waiver in the context of a spouse signing renewal loan docs with knowledge of and/or without objecting to alleged misrepresentations in prior loan docs. *Id.* at 728.

Plaintiff also cites to the purported case of "*Bank of America v. Latchison*, 126 So.3d 1026, 1030 (Miss. Ct. App. 2013)" for the proposition that the Chancery Courts have the power to and/or should cancel "fraudulently obtained instruments." The citation of 126 So.3d 1026, however, refers to the case of Doss v. State, which is a post-conviction relief case having to do with a murder conviction and having no conceivable relation to the proposition for which it is cited. Also, Westlaw searches show that there is no such case of "*Bank of America v. Latchison*" under any citation in the State of Mississippi. Accordingly, this is a mis-citation to a non-existent authority.

In contrast to the inapposite and/or non-existent authorities cited by Plaintiff, the actual law in Mississippi with regard to the effect of alteration of instruments after execution has been, for the last 130 plus years, that in order for an alteration to result in an instrument being declared void, the alteration must be not just "material," but also fraudulent, based upon improper motives, done to secure an improper advantage for the party making the alteration, and/or done in such a way that changes the legal effect of the agreement or increases the other party's responsibility or obligations.

In this regard, the case of *Foote v. Hambrick*, 11 So. 567, 70 Miss. 157 (1892) held as follows:

> Of course if, to secure an advantage, a fraud is committed, whereby the responsibility of the person sought to be charged is increased, the instrument will be avoided, for fraud vitiates everything tainted by it . . . but we cannot bring ourselves to consent that an honest mistake, made by a party to a contract to

> conform the instrument to the real agreement, in order to carry out the true
> intention of all the parties, should utterly destroy the validity of the writing . . .
> [A]n alteration innocently made, without improper motive, to conform to the
> intention of the parties at the time of its execution, will not vitiate it. . . .

*Id.* at 568-571.  Thus, in order for an alteration to have the effect of voiding an instrument, the

alteration must be "material" and also must be done for fraudulent purposes, with improper

motives, and/or in such a way that changes the legal obligations of the parties.  See also *Dinkins*

*v. City of Aberdeen*, 42 So. 2d 744, 207 Miss. 552, 555-556 (1949) (holding "The erasure of

marginal writings from an instrument is immaterial when the legal effect of the instrument is not

changed thereby.") (internal citations omitted).

The case of *Allen v. Newton Oil Mill*, 139 So. 846, 163 Miss. 860 (1932) has specific

applicability to the instant case by holding that a subsequent alteration to a Deed of Trust in the

form of adding a witness signature and acknowledgment was not a material alteration that would

void the instrument because (a) the change had no impact upon the rights of the parties to the

agreement and (b) the change was done for the purposes of recordation requirements of the

Chancery Clerk.  *Id.* at 848.

The specific alteration at issue in this case, as shown by Exhibits A & M to Plaintiff's

Complaint, involves the hand-written addition by Mortgage Connect of Indexing Instructions and

a phone number for the named Trustee, both on the page one or the recording cover page to the

Deed of Trust, which were added prior to recording the Deed of Trust.

The Indexing Instructions that were added clearly and undeniably (a) did not add or

change anything regarding the description of the real property and were correct/consistent with

the legal description attached to the Deed of Trust; (b) did not alter or change any obligation(s)

of any party to the Deed of Trust; (c) had no bearing upon the validity of the Deed of Trust nor

any impact upon the rights, duties, and/or obligations of any party to the Deed of Trust; and (d)

were added because Indexing Instructions on page one or the cover page of an instrument to be recorded are needed to ensure that the instrument is in proper, recordable form.  There is no conceivable materiality to simply adding correct Indexing Instructions (that conform to and do not change in any way the legal description) to the first page or recording cover page of a Deed of Trust, nor is there any bad or improper motive that can even be imagined from such an addition.

The same applies to the addition of a phone number for the Trustee named in the Deed of Trust.  Adding the Trustee's phone number to page one or the recording cover page of the Deed of Trust (a) did not alter or change any obligation(s) of any party to the Deed of Trust; (b) had no bearing upon the validity of the Deed of Trust nor any impact upon the rights, duties, and/or obligations of any party to the Deed of Trust; and (c) were added also to insure that the recording cover page had all of the necessary information for the instrument to be in proper, recordable form.  Here again, there is no conceivable materiality to simply adding a phone number for the Trustee on the first page or recording cover page of the Deed of Trust, nor is there any bad or improper motive that can even be imagined from such an addition.

Far more significant alterations than these clearly innocuous and immaterial alterations have been held to be immaterial.  Just to cite to one example, in the case of *Roberts v. Southern Wood Piedmont Co.*, 571 F.2d 276 (1978), the Fifth Circuit Court of Appeals held that a note holder's insertion of a specific interest rate into a note after its execution was not a material alteration that would void the instrument.  *Id.* at 278-279.

Thus, even taking all of Plaintiff's allegations about the alterations or additions to the Deed of Trust and the Exhibits attached to Plaintiff's Complaint and Amended Complaint as true,

Plaintiff has not stated any claim for relief that is plausible on its face as to the alterations to the Deed of Trust.

Further, even if, for the sake of argument, the alterations are deemed to have been material (even though they clearly and undeniably are not), Plaintiff was given notice of the alterations by the recording of the Deed of Trust on the public land records as of February 19, 2021, yet Plaintiff waited for over four (4) years to raise any objection to the alterations. Not only does the fact that Plaintiff didn't notice any impact from these alterations in terms of his rights and/or obligations under the loan (because they had no impact) undermine his claims of materiality, but also under such circumstances, Plaintiff has waived and/or is estopped from now seeking to find fault with the alterations after having acquiesced for so long in the loan transaction. See *Martin v. Hartley*, 43 So. 2d 875, 877, 208 Miss. 112, 121-122 (1950).

Finally, Mortgage Connect would show that the facts related to the alterations are undisputed and that the immateriality of the alterations is clear and undeniable. Thus, Mortgage Connect would argue in addition and/or in the alternative for Summary Judgment as to any claim(s) related to the alterations to the Deed of Trust.

## II.  **Trustee Named in Deed of Trust**

Plaintiff also claims that the named Trustee in the Deed of Trust, "Adams & Edens, PA" was not an existing entity as of the date of the execution or recordation of the Deed of Trust and that under Mississippi law naming a Trustee that is a dissolved corporate entity makes the Deed of Trust void and of no effect.

In his original Complaint, Plaintiff cites to *MS Code* §89-5-21 and to the case of *Estate of Stevens v. Wetzel*, 762 So. 2d 293, 297 (Miss. 2000) in support of the proposition that if a Trustee named in a Deed of Trust is a dissolved entity (or, more correctly in this case, merged with

another entity) then the Deed of Trust is void and of no effect. Here again, however, neither *MS Code* §89-5-21 nor the *Wetzel* case say this, nor any words to that effect, nor any words that can be reasonably interpreted to have that meaning.

Instead, the law in Mississippi is that the lender or beneficiary of the Deed of Trust is free to appoint a successor or substitute Trustee in the event that the original Trustee is unable to serve (or even if the lender or beneficiary just wants to name a new or different Trustee). There do not appear to be any cases addressing this specific question, but Mortgage Connect would cite to MS Code §89-1-63(3); *Melchor v. Casey*, 161 So. 692, 173 Miss. 67 (1935); and *Yandell v. Wilson*, 183 So. 382, 182 Miss. 867 (1938).

*MS Code* §89-1-63(3) states "The beneficiary or holder of any deed of trust, including his agents, employees, successors, assigns, attorneys-in-fact or other legal representatives, may appoint a trustee or substitute a trustee, with or without the permission of the mortgagor or mortgagors. The trustee or substitute trustee so appointed may be a natural person, partnership, corporation, limited liability company, professional association or any other legal entity." This code section says nothing about a Deed of Trust being "void and of no effect" if a Trustee is named as an entity that changed its name due to merger with another entity. Rather, this statute expressly states that the beneficiary or holder of a deed of trust may freely appoint a Trustee or substitute trustee with or without the permission of the mortgagor.

The case of *Melchor v. Casey*, 161 So. 692, 173 Miss. 67 (1935), while not addressing the specific question raised by Plaintiff, nonetheless undermines Plaintiff's specious arguments in this regard. In *Melchor*, a named corporate Trustee was an entity that was dissolved; so, a Substitute Trustee was named. *Id.* at 694. The Court found this to be perfectly acceptable and within the rights of the beneficiary or holder of the Deed of Trust. *Id.* at 695. The dissolved

entity named as Trustee had no bearing upon the validity of the Deed of Trust, because the lender had the right to simply appoint a new Trustee. *Id.*

Also, as the case of *Yandell v. Wilson*, 183 So. 382, 182 Miss. 867 (1938) shows, the well-established law in the State of Mississippi is that a trust will not fail for lack of a Trustee. *Id.* at 384. Thus, even if there was some defect in the naming of Adams & Edens, P.A. as Trustee under the Deed of Trust (which Mortgage Connect denies), this would still have no impact upon the validity of the Deed of Trust, especially since the lender/beneficiary subsequently appointed a Substituted Trustee that was capable and able to serve.

Thus, even taking all of Plaintiff's allegations about the named Trustee in the Deed of Trust and the Exhibits attached to Plaintiff's Complaint and Amended Complaint as true, Plaintiff has not stated any claim for relief regarding the naming of the Trustee that is plausible on its face.

Finally, Mortgage Connect would show that the facts related to the naming of the Trustee are undisputed, as the corporate status of Adams & Edens, P.A. is reflected in the records of the Mississippi Secretary of State, and the naming of Adams & Edens, P.A. in the original Deed of Trust is not disputed. Thus, Mortgage Connect would argue in addition and/or in the alternative for Summary Judgment as to any claim(s) related to the naming of the Trustee in the Deed of Trust.

### III. <u>Alleged TILA Violations</u>

Plaintiff also alleges that Mortgage Connect violated the Truth in Lending Act ("TILA") and/or Regulation Z, specifically 12 C.F.R. § 1026.19(f)(1(ii), by failing to provide the Closing Disclosure statement three (3) days prior to the closing. There are two fatal problems with Plaintiff's claims in this regard. First, the private right of action under TILA and TILA's disclosure

requirements apply to creditors only. *Stallworth v. Newrez, LLC, et al.*, 2024 WL 3707548 (S.D. Miss. 2024). Thus in that Mortgage Connect was the title company who assisted with the closing and not the lender or "creditor" under TILA, Mortgage Connect can not be subject to any claim for alleged TILA violations.

Second, the statute of limitations for a bringing a claim under 15 U.S.C. § 1640 of TILA is one (1) year from the date of the occurrence of the alleged violation. *Id.* There may also be some claims under 15 U.S.C. § 1640 and/or 15 U.S.C. § 1635 for which a three (3) year statute of limitations applies. However, either way in this case, the alleged violation occurred on February 12, 2021; thus, the statute of limitations for any TILA claim (assuming, for the sake of argument that such a claim is even properly brought, which Mortgage Connect denies) ran on February 12, 2022 at the earliest and February 12, 2024 at the latest. Plaintiff did not file his original Complaint until July 11, 2025 and his Amended Complaint on August 13, 2025, both of which were well after the statute of limitations had already run.

Thus, even taking all of Plaintiff's allegations about the timing of the Closing Disclosure and/or other alleged requirements of TILA and/or Regulation Z and the Exhibits attached to Plaintiff's Complaint and Amended Complaint as true, Plaintiff has not stated any claim for relief against Mortgage Connect regarding TILA or Regulation Z violations that is plausible on its face.

Finally, Mortgage Connect would show that the relevant facts related to the time period(s) applicable to any claim(s) of TILA and/or Regulation Z violations are undisputed. Thus, Mortgage Connect would argue in addition and/or in the alternative for Summary Judgment on the statute of limitations as to any claim(s) related to TILA and/or Regulation Z.

**IV. <u>Alleged Duties Owed to Plaintiff</u>**

Plaintiff's allegations also include the claims that Mortgage Connect "facilitated or recorded false documents and failed to perform its fiduciary and statutory duties under Mississippi law." The apparent basis for Plaintiff claiming that Mortgage Connect "facilitated or recorded false documents" involves the claims already discussed above about the alterations to the Deed of Trust and the naming of the Trustee in the Deed of Trust. As discussed above, such claims are patently meritless and completely implausible on their face. There is nothing conceivably "false" about the Deed of Trust or its recording, and this is clear and undeniable, even taking Plaintiff's allegations to be true. Regarding Mortgage Connect's alleged failure to perform "fiduciary and statutory duties under Mississippi law," Plaintiff's Amended Complaint fails to allege or to describe what such duties are, what legal authority establishes the existence of such duties, or how Mortgage Connect failed to perform such duties (assuming such duties even exist).

Specifically, regarding alleged "statutory duties under Mississippi law," Plaintiff fails to cite any Mississippi statute applicable to Mortgage Connect that would have created any duty to Plaintiff, nor does Plaintiff allege any facts that might constitute a breach of such a statutory duty.

Regarding alleged fiduciary duties, Mortgage Connect would first cite to the case of *Holland v. Peoples Bank & Trust Co.*, 3 So. 3d 94, 102 ¶18 (Miss. 2009), which held, "'[t]he existence of a fiduciary duty must be established before a breach of that duty can arise.'" (internal citations omitted). Mortgage Connect would next cite to the case of *Hopewell Enterprises, Inc. v. Trustmark National Bank*, 680 So. 2d 812 (Miss. 1996), which held, "A mortgagee-mortgagor relationship is not a fiduciary one as a matter of law . . . the relationship between the Hammons [borrower] and Trustmark was simply an arms length business transaction involving a normal debtor-creditor relationship." *Id.* at 816-816. See also *Morgan v. Green-Save, Inc.*, 2 So. 3d 648,

653 ¶15 (Miss. Ct. App. 2008) (holding, "A fiduciary relationship does not ordinarily arise in an arm's length contractual agreement").

Plaintiff's Amended Complaint does not allege any fact(s) that would show its relationship with Mortgage Connect as the title company for the closing was anything other than an ordinary, arm's length transaction related to the closing of a mortgage loan. Accordingly, Plaintiff also fails to state any claim for relief related to recording allegedly "false" documents or related to alleged breach of duties owed by Mortgage Connect to Plaintiff.

Further, in addition and/or in the alternative, Mortgage Connect would maintain that the facts related to its role in the loan closing and its relationship to Plaintiff are undisputed and that Mortgage Connect is entitled to Summary Judgment as to any claim(s) related to the recording of allegedly false documents or breach of duties allegedly owed by Mortgage Connect to Plaintiff.

**V. <u>Alleged Fraud</u>**

Plaintiff's Amended Complaint also makes reference to "fraudulently obtained instruments," apparently with reference to the Deed of Trust recorded by Mortgage Connect and/or Plaintiff's Amended Complaint uses the term "fraud" in other places that could be read to refer to Mortgage Connect (although this is not entirely clear from reading Plaintiff's pleadings). With regard to any such claims of fraud, Mortgage Connect maintains that such claims are not alleged with particularity, and there are no facts stated nor any other allegations as to any element(s) of fraud appearing in Plaintiff's pleadings.

The law in Mississippi with regard to fraud is well-settled. Fraud must be alleged with particularity, which means that all nine (9) of the elements of fraud must be pled with sufficient factual support. *Archer v. Harlow's Casino Resort & Spa*, 395 So. 3d 71, 74 ¶11 (Miss. Ct. App. 2024). "In addition, 'fraud will not be inferred or presumed and may not be charged in general

terms.  The circumstances of the alleged fraud such as the time, place and contents of any false representations or conduct must by stated.'" *Id.* (internal citations omitted).  Here Plaintiff has failed to include anything other than vague, generalized references to fraud in his pleadings; accordingly, Plaintiff has failed to state any claim for relief related to fraud.

Mortgage Connect also in this regard would argue that there are no disputed issues of material fact as to any circumstance(s) in this case that could rise to the level of fraud.  Literally the only things that Plaintiff says with regard to Mortgage Connect's actions are (a) that Mortgage Connect made alterations to the Deed of Trust (which is admitted and which is also immaterial and does not give rise to any claim for relief in this case); (b) that Mortgage Connect's Trustee designation was defective and should render the Deed of Trust void (which is both factually and legally incorrect, without any question); and (c) that Mortgage Connect failed to comply with disclosure requirements of TILA and/or Regulation Z (which are not claims that can be stated against Mortgage Connect and/or which are claims clearly barred by the applicable statute of limitations).  Even taking all of Plaintiff's allegations as true, there is no possible set of facts that Plaintiff could allege as to Mortgage Connect that could rise to the level of fraud.  Accordingly, Plaintiff further prays for Summary Judgment as to any claims related to fraud and/or that Plaintiff should not be given the opportunity to amend his Complaint, because doing so would be futile and would only consume still more resources of the Court and the parties unnecessarily, over an issue for which Plaintiff has no possible hope or avenue for success.

### VI.  <u>Wet-ink Originals</u>

Plaintiff also claims that Mortgage Connect committed some wrong against Plaintiff by failing to return or produce "wet-ink" originals or, specifically, "blue-ink" originals to Plaintiff upon his request.  Very simply, there is no possible cause of action in Mississippi against a title

company for failing to return 'blue-ink' originals to borrower upon request after closing, nor is there any conceivable cause of action that might be based upon the color of the ink used for signing closing documents and/or appearing in copies of original closing documents. To the extent that wet-ink originals may have been required for the validity of certain agreements in the past, there has never been any uniform requirement for the production of wet-ink originals in order to prove the validity of contractual documents generally, and, in any event, with regard to the requirement of originals of certain contractual documents in the past, legal requirements have changed in recent times due to technological advances. Indeed, many contracts that are perfectly valid and enforceable now are not physically signed at all but are electronically signed. There are no wet-ink originals for such contracts, yet they are still perfectly valid and enforceable. Thus, Plaintiff's insistence that wet-ink originals are absolutely required in order to prove or establish the validity of his contractual documents related to this loan is clearly unfounded and without any legal support.

To cite two specific examples where legal requirements have changed with regard to wet-ink originals, Mississippi is not a "show me the note" State and no longer requires the production of an original wet-ink Note in order for the Note to be enforceable. *Crater v. Bank of New York Mellon*, 203 So. 3d 16, 19 ¶9 (Miss. Ct. App. 2016). Moreover, under the Mississippi and Federal Rules of Evidence, "A duplicate is admissible to the same extent as originals, unless a genuine question is raised about the original's authenticity or circumstances make it unfair to admit the duplicate." MS R. Evid. 1003; Fed R. Evid. 1003. Plaintiff has raised no genuine question about the authenticity of any original document(s) in this case; rather, Plaintiff seeks to argue that the wet-ink originals are absolutely required to be produced before his loan contract and obligations are valid or enforceable. Such an argument is patently and undeniably meritless. There is simply

no cause of action in Mississippi for failing to produce wet-ink originals upon demand, nor is there any current law in Mississippi that would invalidate contractual documents automatically upon the loss of originals or failure to produce originals upon demand.

In addition and/or in the alternative, Mortgage Connect maintains that there are no disputed issues of fact regarding the relevant documents in this case, wherever certain wet-ink originals may be located currently (if they can be found at all), and that Mortgage Connect is entitled to Summary Judgment as to any claim(s) related to the existence and/or failure to produce "blue-ink" originals to Plaintiff.

### VII.  Alleged Due Process Violations

Plaintiff also makes numerous allegations of constitutional and/or due process violations. Specifically, Plaintiff cites to *MS Constitution Art.* 3 § 14 for the proposition that the alterations to the Deed of Trust and/or the alleged defective Trustee designation in the Deed of Trust worked constitutional or due process violations against him.  However, under Mississippi law, a due process violation requires state action, not merely some alleged wrong by one private party against another.  *Bender v. North Meridian Mobile Home Park*, 636 So.2d 385, 389 (Miss. 1994).

Plaintiff also cites to the 14th Amendment to the U.S. Constitution, alleging federal substantive and procedural due process violations for the same reasons; however, as with Mississippi law, Federal due process violations also require state action.  *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922; 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982).

Plaintiff does not claim or allege any state action in this case.  Moreover, even taking all of Plaintiff's allegations as true, there are no possible state actors nor any state actions mentioned or referenced in any of the Plaintiff's allegations.  All of Plaintiff's claims allege private actions

by private actors; thus, Plaintiff has stated no claim for relief under the due process clauses of either the Mississippi or the U.S. Constitutions.

Further, even if some state action could be construed to have been alleged by Plaintiff, there are no genuine issues of material fact with regard to whether any possible state action(s) have been taken by any possible state actor(s) in this case, nor is there any genuine issue of fact with regard to whether Mortgage Connect is a state actor, because it clearly and undeniably is not. Aside from Plaintiff's improper and completely unjustified attempts to abuse the judicial process through filing of hundreds of pages of pleadings and exhibits (that fail to state any valid claim for relief), the underlying circumstances of this case involve nothing more than an ordinary mortgage loan transaction, where a borrower signed closing docs and entered into a mortgage loan; then defaulted and failed to repay the loan; after which it appears that the mortgage lender properly and lawfully foreclosed the property. There is no state action nor any state actors that could conceivably be involved in this case as to any claim or allegation related to Mortgage Connect. Accordingly, in addition and/or in the alternative, Mortgage Connect maintains that it should also be entitled to Summary Judgment as to any constitutional and/or due process claims alleged by Plaintiff.

**VIII.   <u>Alleged Mississippi RICO Violations</u>**

Plaintiff also cites to Mississippi's "RICO" statute, codified at *MS Code* §97-43-1, *et seq*, arguing that Mortgage Connect and other defendants engaged in a criminal conspiracy against Plaintiff to deprive him of his property and should, therefore, be subject to treble damages. Aside from the indisputable fact that such an allegation is so clearly and obviously meritless and unfounded that it should probably be sanctionable, *MS Code* §97-43-9(5) clearly states that there is no private right of action under that statute until after there has been a criminal conviction. *Mills*

*v. Trustmark National Bank*, 2021 WL 785328 (S.D. Miss. 2021).  Therefore, Plaintiff has stated no claim for relief under Mississippi's RICO statute, even taking all of Plaintiff's allegations as true.

In addition, and/or in the alternative, Mortgage Connect maintains that there are no genuine issues of material fact as to Plaintiff's sanctionably meritless claims of RICO violations, such that Mortgage Connect should be entitled to Summary Judgment as to any such claims.

<u>**CONCLUSION**</u>

Plaintiff has failed to state any claims for relief against Mortgage Connect, even taking the allegations of Plaintiff's Complaint to be true.  None of the Plaintiff's claims and allegations as to Mortgage Connect are even remotely plausible on their face.  Further, Mortgage Connect argues that the Plaintiff's claims against Mortgage Connect should be dismissed without leave to amend, because Plaintiff has clearly pled the best case that he possibly can and any amendment would be futile, given that the Plaintiff has filed hundreds of pages of pleadings and exhibits yet still failed to state any possible or plausible claim for relief against Mortgage Connect.  No conceivable or possible amendment can cure the deficiencies in Plaintiffs case; accordingly, Plaintiff's case should be dismissed as to Mortgage Connect without leave to amend.  *Stallworth v. Newrez, LLC, et al.*, 2024 WL 3707548 (S.D. Miss. 2024).

In addition, and/or the alternative, there are no genuine issues of material fact as to any claims alleged by Plaintiff against Mortgage Connect, and Mortgage Connect is entitled to Summary Judgment as to all claims alleged or attempted to be alleged against it.

Respectfully submitted this the 20th day of August, 2025.

MORTGAGE CONNECT, LP

By: /s/ *Steven Price Nixon*
      Steven Price Nixon, Esq., its attorney

*/s/ Steven Price Nixon*
McCalla, Raymer, Leibert, & Pierce, LLP
Steven Price Nixon, MSB #101663
Attorneys for Robert M. Peebles, III
1022 Highland Colony Parkway, Suite 304
Ridgeland, MS 39157
telephone:      662-478-3200
facsimile:      205-623-0792
steven.nixon@mccalla.com

## CERTIFICATE OF SERVICE

I, Steven Price Nixon, do hereby certify that I have this day caused to be e-filed a true and correct copy of the original of the foregoing document, using the Court's electronic filing system, which electronic filing system sent notice, electronically to all counsel and parties of record.

So certified this the 20th day of August, 2025.

*/s/ Steven Price Nixon*
Steven Price Nixon, Esq.