# EXHIBIT A

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR EXTENSION OF TIME

### I. INTRODUCTION

Nationstar's request for additional time is not based on good cause. It comes after a deliberate pattern of delay and procedural abuse. Nationstar was served with the Complaint on July 17, 2025. It waited until August 13, the day before a scheduled Chancery Court hearing, to remove the case to federal court. Now, despite having had more than a month to prepare a response, it seeks 21 additional days without explanation or justification.

This Court should deny the motion for four reasons. First, the Court lacks subject matter jurisdiction. Second, the Notice of Removal is based on false factual representations. Third, Nationstar had ample time to prepare a response and has not acted diligently. Fourth, the delay is prejudicial to Plaintiff and obstructs resolution of urgent state-law claims.

The request for an extension is procedurally improper and should be denied.

### II. THE COURT LACKS SUBJECT MATTER JURISDICTION

A federal court must dismiss or remand any case over which it lacks subject matter jurisdiction. That includes situations where Article III standing is absent at the time of removal. See *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992), and *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 109–10 (1998).

Standing requires three elements:

1. A concrete and particularized injury in fact;
2. A causal connection between that injury and the conduct challenged;
3. A likelihood that the injury will be redressed by a favorable court decision.

Nationstar has made no such showing. Plaintiff denies being in default on any obligation owed to Nationstar or any other Defendant. Nationstar has provided no admissible evidence of a valid debt or a default. If Nationstar lacked standing on August 13, 2025, when it filed its Notice of Removal, then this Court lacks jurisdiction now. Jurisdiction cannot be conferred retroactively.

Without standing, this Court cannot entertain any further requests, including Nationstar's motion for more time. The case must be remanded to state court.

### III. THE NOTICE OF REMOVAL IS BASED ON FALSEHOODS

Nationstar's Notice of Removal falsely claims that it purchased Plaintiff's property at a foreclosure sale on July 16, 2025, for $156,837.81. The attached Substitute Trustee's Deed recites that Dean Morris, LLC conducted the foreclosure sale and that Nationstar was the highest bidder.

These statements are materially false.

Plaintiff personally attended the scheduled sale and preserved audio and video recordings of the entire event. These recordings show:

- No trustee appeared;
- No auction occurred;
- No sale was conducted.

The Substitute Trustee's Deed is a fabricated document created to falsely memorialize a sale that never happened. No bid was received. No transfer occurred. Nationstar was not present, and there was no public auction of any kind. This deed is not a record of an event but a false instrument submitted to the Court to justify removal.

Jurisdiction cannot rest on knowingly false assertions. The deed is invalid and should be disregarded entirely.

## IV. THE FORECLOSURE WAS UNLAWFUL

The individual who purported to conduct the foreclosure sale was Taurean Ray, an employee of Sunrise Title Services, LLC. Mr. Ray is not the trustee of record. He is not a licensed auctioneer in the State of Mississippi. Sunrise Title is not authorized to do business in Mississippi and had no lawful authority to conduct the sale.

Under Mississippi law:

- Auctioneers must be licensed. See Miss. Code Ann. § 73-4-1;
- Foreign companies must be registered to do business. See Miss. Code Ann. §§ 79-4-15.01 and 79-29-1001.

Because neither Ray nor Sunrise Title had legal capacity to act, and no foreclosure sale occurred, the Substitute Trustee's Deed has no legal effect. It cannot serve as the basis for federal jurisdiction.

## V. NATIONSTAR HAD AMPLE TIME AND FAILED TO ACT DILIGENTLY

Nationstar was served with the Complaint on July 17, 2025. It did not respond or appear in Chancery Court. Instead, it removed the case to this Court on August 13, 2025, and filed its extension request on August 20, 2025.

By that time, Nationstar had already had 34 days since service and over 40 days since the case was filed to investigate and prepare a response. This was more than enough time to respond to a routine civil complaint.

Nationstar offers no explanation for why it failed to act earlier. The motion includes no affidavit, no declaration, no showing of diligence, and no articulation of prejudice if the deadline is enforced. It simply requests more time while offering nothing in support.

Under Federal Rule of Civil Procedure 6(b), extensions are not automatic. The burden is on the moving party to show good cause. Nationstar has not met that burden.

## VI. THE EXTENSION WOULD CAUSE FURTHER PREJUDICE TO PLAINTIFF

Plaintiff recorded a Lis Pendens on July 11, 2025, placing all parties on notice of a title dispute. A hearing on Plaintiff's Motion to Set Aside Foreclosure was scheduled in state court for August 14, 2025.

At 4:15 p.m. on August 13, 2025—less than 17 hours before the hearing—Nationstar removed the case to federal court. The timing was clearly intended to block adjudication in state court. Now, with no jurisdiction and no valid removal, Nationstar seeks to delay again.

Plaintiff has suffered continuing prejudice due to:

- Defendants' refusal to appear in state court;
- The improper removal based on false documents;
- The interruption of emergency state-level relief;
- The obstruction of access to a forum with proper jurisdiction.

Allowing a delay now would compound the procedural abuse and further harm Plaintiff.

## CONCLUSION

Because Nationstar lacks standing and the Court lacks subject matter jurisdiction, the motion for extension should be denied. Even if the Court were inclined to entertain the motion, Nationstar has failed to show diligence, failed to offer good cause, and failed to justify additional delay in the face of prejudice to Plaintiff.

[End of Exhibit A]