**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

BRIAN A. MOONEY                                                                       PLAINTIFF

VS.                                                          CIVIL ACTION NO. 2:25-CV-00114-KS-MTP

NATIONSTAR MORTGAGE, LLC,
D/B/A MR. COOPER; DEAN MORRIS, LLP;
MORTGAGE CONNECT, LP; MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC. ("MERS"); SUNRISE TITLE SERVICES, INC.;
JOHN DOES 1-10                                                                        DEFENDANTS

---

### MEMORANDUM IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE RULE 12(b)(6) MOTION AND/OR ANSWER

COMES NOW Defendant, Mortgage Connect, LP (hereinafter "Mortgage Connect"), by and through counsel, and files herein its Memorandum in Support of Motion for Extension of Time to File Rule 12(b)(6) Motion and/or Answer, and in support thereof would show unto the Court the following:

1.

On August 13, 2025, Defendant Nationstar Mortgage, LLC d/b/a Mr. Cooper filed herein its Notice of Removal (CM/ECF Doc.#01).  Defendant Mortgage Connect filed its Joinder in the Notice of Removal on August 18, 2025 (CM/ECF Doc.#08).

2.

Based upon the date of service of the Plaintiff's initial pleading in the Chancery Court before removal, which was July 17, 2025 (see attached *Exhibit A*), pursuant to Fed. R. Civ. P. 81(c)(2), the deadline for Mortgage Connect to file its Answer or appropriate Motion under Rule 12 in lieu of filing a responsive pleading was August 20, 2025.

3.

Counsel for Mortgage Connect had completed and was attempting to electronically file Mortgage Connect's Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and/or in the alternative for Summary Judgment before the end of August 20, 2025; however, due to unforeseen and unexpected issues with Counsel's authenticator application and the multi-factor authentication security protocol now required for logging in to the Court's e-filing system, which temporarily prevented counsel for Mortgage Connect from being able to log in to the e-filing system, Counsel did not successfully e-file the 12(b)(6) Motion until 12:15 a.m. on August 21, 2025.

4.

This was the first time that Counsel for Mortgage Connect has ever experienced any difficulty or problems logging in to the Court's e-filing system or e-filing documents, which Counsel frequently does after normal working hours, and Counsel would argue that this difficulty was occasioned by an understandable and excusable computer issue involving Counsel's authenticator application, coupled with a lack of familiarity with the new MFA security protocol. Counsel maintains and would argue to the Court that the new MFA security protocol for logging in to the e-filing system is in fact so new and unfamiliar to Counsel that the difficulties in logging in due to problems with the MFA security protocol and Counsel's authenticator application constitute excusable neglect that should justify or allow the requested extension of time.

5.

In the case of *Salts v. Epps, et al.*, 676 F. 3d 468 (5th Cir. 2012), the Fifth Circuit Court of Appeals held as follows with regard to a request for an extension of time based upon excusable neglect:

> When a party moves to extend a deadline provided by the Federal Rules of Civil Procedure after the deadline has passed, the district court may grant the motion "for good cause ... if the party failed to act because of excusable neglect." A leading treatise on civil procedure notes that "[t]he district judge enjoys broad discretion to grant or deny an extension," and the "excusable neglect" standard is "intended and has proven to be quite elastic in its application." Professors Wright and Miller lay out a number of factors relevant to the determination of "excusable neglect": (1) "the possibility of prejudice to the other parties," (2) "the length of the applicant's delay and its impact on the proceeding," (3) "the reason for the delay and whether it was within the control of the movant," and (4) "whether the movant has acted in good faith."

*Id.* at 474 (internal citations and footnotes omitted). In upholding the lower court's finding of excusable neglect, the Fifth Circuit noted "The record reflects no prejudice to the [opposing party] in the four-day delay, nor is there any indication that the State's delayed response had any impact on the proceeding. There is no evidence of bad faith on the State's part." *Id.* at 474.

6.

Counsel for Mortgage Connect would argue that here, as with *Salts*, there will be no prejudice to the Plaintiff if the extension is granted; the requested extension will have no impact upon these proceedings, being in reality a request for an extension of merely minutes, since the Motion and Memorandum were already filed at 12:15 a.m. on August 21, 2025 (which is only 16 minutes beyond the August 20, 2025 deadline); the delay was caused by an unforeseen and unexpected issue with Counsel's authenticator application and with a new login security protocol that has just been implemented by the Court within the last couple of weeks (and within the last

few days, as far as Counsel for Mortgage Connect's interaction with that new system goes); and Counsel has acted and requested the extension in good faith.

7.

In that regard, Counsel would show that, before the end of the day of August 20, 2025, Counsel emailed copies of the completed Motion and Memorandum to the Court in a good faith attempt to show that Counsel was prepared and ready to timely e-file the Motion and Memorandum on August 20, 2025, but for the unforeseen and unexpected computer issues that prevented Counsel from being able to log in to the Court's e-filing system.  See attached ***Exhibit B***.  Thus, in addition to the requested extension being of such a short period of time that no prejudice or negative impact upon the case will result, Counsel was prevented from timely filing the Motion due to computer issues and/or issues with computer programs that Counsel could not control, and Counsel has also labored in good faith to notify the Court of the issue and to seek to remedy the situation as quickly as possible.

8.

In addition, and/or in the alternative, Counsel would argue that the email sent to the Court (attached as ***Exhibit B***) with copies of the completed Motion and Memorandum can and/or should be taken as a timely filing of the Motion and Memorandum, or as a timely request for an extension of time before the expiration of 7 days after the filing of the notice of removal (which would not implicate any claim of excusable neglect).

9.

Further, in addition and/or in the alternative, although the filing of a 12(b)(6) Motion normally pauses the running of the deadline to file an Answer (see Fed. R. Civ. P. 12(a)(4)), to the extent applicable and/or if the Court is inclined to require Mortgage Connect to proceed with

filing an Answer despite the filing of the 12(b)(6) Motion, Mortgage Connect would pray for a final, very brief extension of time to no later than August 25, 2025 to file its Answer, which would be only five (5) days from the original, August 20, 2025 deadline.

## CONCLUSION

Counsel for Mortgage Connect maintains that the filing of the 12(b)(6) Motion and Memorandum mere minutes after the expiration of the August 20, 2025, deadline was the result of excusable neglect. There can be no prejudice to the opposing party nor any adverse impact upon the proceedings; the length of the delay was mere minutes; the reason for the delay had to do with a computer problems and/or a new and unfamiliar multi-factor authentication login security protocol of the Court's e-filing system; and Counsel for Mortgage Connect labored in good faith to notify the Court of the issue and sought to remedy the issue as quickly as possible. Accordingly, Counsel for Mortgage Connect prays that the Court will grant Mortgage Connect an extension of time of one (1) day, to August 21, 2025, in which to file its Rule 12(b)(6) Motion; and/or in addition and/or in the alternative that the Court will excuse the filing of its Rule 12(b)(6) Motion mere minutes after the end of the day of August 20, 2025, and accept the filing as timely; and/or in addition and/or in the alternative and if applicable that the Court will grant to Mortgage Connect an extension of time of five (5) days, to August 25, 2025 for filing its Answer to the Plaintiff's Complaint and Amended Complaint

Respectfully submitted this the 21st day of August, 2025.

> MORTGAGE CONNECT, LP
>
> By: /s/ *Steven Price Nixon*
> Steven Price Nixon, Esq., its attorney

*/s/ Steven Price Nixon*
McCalla, Raymer, Leibert, & Pierce, LLP
Steven Price Nixon, MSB #101663
Attorneys for Robert M. Peebles, III
1022 Highland Colony Parkway, Suite 304
Ridgeland, MS 39157
telephone:	662-478-3200
facsimile:	205-623-0792
steven.nixon@mccalla.com

## CERTIFICATE OF SERVICE

I, Steven Price Nixon, do hereby certify that I have this day caused to be e-filed a true and correct copy of the original of the foregoing document, using the Court's electronic filing system, which electronic filing system sent notice, electronically to all counsel and parties of record.

So certified this the 21st day of August, 2025.

*/s/ Steven Price Nixon*
Steven Price Nixon, Esq.