IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BRIAN E. MOONEY**                                                                                   **PLAINTIFF**

**VS.**                                                  **NO. 2:25-cv-114-KS-MT**

**NATIONSTAR MORTGAGE, LLC, ET AL.**                          **DEFENDANTS**

## DEFENDANT NATIONSTAR MORTGAGE, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Defendant removed this action on two separate basis: diversity of citizenship and federal question jurisdiction. Pursuant to 28 U.S.C. §1332, this court has original jurisdiction of all civil action if the amount in controversy exceeds $75,000 and the parties are citizens of different states.

With regard to federal question jurisdiction, courts often use the "Grable" test in determining federal question jurisdiction which has two parts:

1. Does the claim have a "federal ingredient" for federal question jurisdiction under Article III Section 2 of the Constitution?

2. Does the claim meet the requirements of 28 U.S.C. §1331 federal question jurisdiction.

*Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing,* 545 U.S. 308 (2005)

Article III of the United States Constitution provides that federal courts can hear "all cases, in law and equity, arising under this Constitution, [and] the laws of the United States. . . . " The Supreme Court has interpreted this clause broadly, finding that it allows federal courts to hear any

case in which there is a federal ingredient.  *Osborn v.  Bank of United States,* 22 U.S. 738 (1824).  This Court further has jurisdiction over any claim that "arises under" federal law.  28 U.S.C. §1331.

   A.  There Is Complete Diversity Among the Parties

Mooney's brief makes much to do about the defendants conducting business in the State of Mississippi and all are licensed to do business in Mississippi (with the exception of Sunrise Title).  Citizenship is not, however, determined by where an entity conducts business.

Among the defendants, there are three LLC's (Nationstar, Dean Morris, and Sunrise Title), one corporation (MERS), and one limited partnership (Mortgage Connect).  With regard to the LLCs, citizenship is determined by the citizenship of its members.  *Megalomedia Inc. v. Phila. Indem. Ins. Co.,* 115 F.4th 657, 659 (5th Cir. 2024); *Harveny v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1078 (5th Cir. 2008).  A corporation is a "citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. §1332(c)(1).  A limited partnership's citizenship is determined by the citizenship of its partners.

As shown in its Notice of Removal and its Corporate Disclosure Statement, none of Nationstar's members are a citizen of Mississippi.  Nationstar is an indirect, wholly-owned subsidiary of a publicly-traded company, Mr. Cooper Group, Inc. (formerly known as WMIH Corp.), NASDAQ:COOP ("Mr. Cooper"), a *Delaware* limited liability company and Nationstar Sub2 LLC, a *Delaware* limited liability company.  The sole member of both NationstarSub1 and NationstarSub2 LLC is Nationstar Mortgage Holdings, Inc. ("NSM Holdings").  NSM Holdings is a *Delaware* corporation with its principal place of business in *Texas.*  Therefore, Nationstar is a citizen of *Delaware*  and *Texas* for diversity purposes.

Nor is Dean Morris LLC (incorrectly named as an LLP) a citizen of Mississippi. Dean Morris LLC's sole member is John Morris, a *Louisiana* citizen. Dean Morris is therefore a citizen of *Louisiana* for diversity purposes. Sunrise Title Services, LLC is a limited liability company organized under the laws of *Tennessee*. Its sole member is Bennie Poole a *Tennessee* resident.[1] Sunrise Title is, therefore, a citizen of *Tennessee* for diversity purposes.

Mortgage Connect LP is a limited partnership located in *Pennsylvania*. Mortgage Connect is owned by its partners, all of whom are residents of *Pennsylvania, South Carolina, Florida, Delaware, Tennessee, Pennsylvania, New York, and California.* See Mortgage Connect, LLC.' Corporate Disclosure Statement [Doc. 31].

Mortgage Electronic Registration Systems, Inc. (MERS), is a foreign *Delaware* corporation. MERS does not have a traditional "principal place of business" in the sense of a single location from which it operates. Instead, it is a national electronic system owned by MERSCORP Holdings, Inc., that services as a central registry for mortgages. MERSCORP Holdings is a *Virginia* corporation with its principal place of business in *Georgia.*

Sunrise Title Services, LLC, is a limited liability company organized under the laws of *Tennessee*, and its principal place of business is Mt. Juliet, Tennessee. It sole member is Bennie Poole, a resident of *Tennessee.* [Doc. 37]

It should also be noted that to the extent that Dean Morris, Sunrise Title, and MERS could be considered citizens of Mississippi, they are improperly joined in this action. As noted in plaintiff's Amended Complaint, Dean Morris is a law firm that Nationstar hired to conduct the foreclosure. In turn, Dean Morris hired Sunrise Title to handle the auction. MERS provided the securitization of Mooney's loan.

---

[1] The Tennessee Secretary of State's website showed Thomas Upton as the sole member. After conferring with Sunrise Title directly, it informed the undersigned that the sole member is Bennie Poole, a Tennessee citizen.

Under the doctrine of "improper joinder," this court can disregard a nondiverse defendant when (1) the plaintiff has fraudulently pleaded jurisdictional facts to add the nondiverse defendant; (2) the plaintiff has no possibility of establishing a cause of action against the nondiverse defendant; or (3) the claims against the nondiverse defendant have no real connection to the claims against the other nondiverse defendant. *Henderson v. Washington Nat'l Ins. Co.,* 454 F.3d 1278, 1281 (11th Cir. 2006); *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 (11th Cir. 1998); see also *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 873 (5th Cir. 2004).

There is no possibility that Mooney can establish a claim against Dean Morris, Sunrise Title, or MERS under applicable law. This type of improper joinder may consist of: (1) not pleading a factual basis for an element of the plaintiff's claim against the nondiverse defendant; (2) pleading only a legally insufficient factual basis for an element of the claim against the nondiverse defendant; or (3) pleading a status of the nondiverse defendant when in fact the nondiverse defendant lacks that status. *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001).

### a. Dean Morris and Sunrise Title

According to Mooney's Amended Complaint, Nationstar hired Dean Morris to conduct the foreclosure who in turn hired Sunrise Title to conduct the auction. Even if Dean Morris and/or Sunrise did not follow the law in performing these tasks, Mooney has no cause of action against either of them.

Mississippi follows the majority rule that an attorney owes no duty to an adverse party that could create tort liability for actions taken during litigation. *Clinton v. Johnson,* 2013 U.S. Dist. LEXIS 32178 (S.D. Miss. Mar. 7, 2013) ("Regardless of whether Clinton's claims against the Morgan and Morgan Defendants are viable in other states, Mississippi law does not look favorably

on a litigant's attempt to sue his adversary's attorney for actions taken during the course of prior litigation."). See also *James v. Chase Manhattan Bank,* 173 F.Supp.2d 544, 550 (N.D. Miss. 2001) ("This Court is unaware of any authority, however, not only in Mississippi, but anywhere in the country which suggests that an attorney owes a duty, fiduciary or otherwise, to the adverse party in a case he is litigating.")[2]

It is clear that Mooney's Amended Petition shows that Dean Morris (including the retention of Sunrise Title) merely acted on its clients' behalf in instituting foreclosure proceedings to enforce the mortgagee's interest in the Note and Mortgage covering the subject property. There was no attorney-client relationship or privity of contracts between Mooney and these defendants, nor has Mooney alleged such facts in his petition. If Dean Morris/Sunrise Title breached any duty of care owed to Nationstar (which is denied), Nationstar may be entitled to bring a claim against these defendants but not Mooney, a non-client adversary to whom Dean Morris/Sunrise owes no duty.[3]

b. **MERS**

Mooney makes clear in his Amended Complaint that MERS acted as a nominee for Nationstar and that MERS assigned any interest it may have had to Nationstar prior to the foreclosure proceedings. Nowhere in Mooney's Amended Complaint does he make any factual

---

[2] The Mississippi Supreme Court noted in *Henley, Lotterhos & Henley, PLLC v. Bryant,* 361 So.3d 621 (Miss. 2023) that an attorney may be held liable to a third party if the attorney acted in "bad faith." Mooney makes no allegation against these defendants other the typical responsibilities that attorneys carry out for their clients.

[3] Mooney cites *Koestler v. Miss. Baptist Health Sys., Inc.,* 285 So.3d 623, 628 (Miss. Ct. App. 2019) for the proposition that a trustee cannot lawfully conduct a foreclosure while simultaneously acting as the creditor's legal advocate. Mooney is either using artificial intelligence for his research or is outright misleading this Court. First, the cited case of *Koestler v. Miss. Baptist Health Sys., Inc.* is found at 45 So.3d 280 (Miss. 2010) and *Koestler* had nothing to do with foreclosures. It involved a patient seeking damages after the hospital allegedly refused to release her from its mental health facility and, then, only discussed whether the case was time-barred. The closest to anything with a citation of 285 So.3d 623 is the case of *Moses v. Rankin Cty.,* 285 So.3d 620 (Miss. 2019). *Moses* further did not discuss foreclosures. The issue in *Moses* was whether a county was immune from a homeowners' claim that the county failed to maintain a creek properly that resulted in flooding to the homeowners' home after a heavy rain.

5

allegations that MERS participated in the foreclosure or made any decision related to his foreclosure.

B. The Amount in Controversy Exceeds $75,000

It is unclear as to why Mooney claims that the amount in controversy in this case is less than $75,000. Mooney's Amended Complaint clear seeks to set aside the foreclosure and further requests other monetary damages.

As shown by the recorded Substitute Trustee's Deed, Nationstar bid and purchased the subject property in the amount of $79,405.40. *See Substitute's Deed,* attached hereto as Exhibit "A." This figure alone makes the amount in controversy in excess of $75,000. Yet, Mooney does not stop there. In paragraph 60 of his Amended Complaint, he says that he "suffered emotional distress"[4] and that his reputation in the community had been damaged. In paragraph 62, Mooney requests damages for slander of title. In paragraph 161, Mooney requests punitive damages. In his prayer for relief, Mooney requests damages such out of pocket costs incurred in defending his title; diminution of property value; emotional distress and mental anguish; reputational harm; and "any other financial injury resulting from Defendants' unlawful conduct." Finally, Mooney seeks "treble damages" for an alleged violation of RICO. If there is any question as to what amounts Mooney believes he is owed, that question can be answered very quickly. On November 30, 2024, Mooney actually sent an "invoice" to Nationstar demanding $417,755.00 and subsequently sent an "invoice" increasing his demands to $531,755. See Exhibit 11 to Amended Complaint.

C. Alternatively, this Court Has Federal Question Jurisdiction

While the court can find its subject matter jurisdiction through the issue of diversity alone, Mooney also brings claims under federal law. For example, Mooney repeatedly claims a violation

---

[4] In paragraph 114, he alleges that he was prescribed Lexapro and trazodone to manage his stress, anxiety and insomnia.

of the Fourteenth Amendment to the United States Constitution and even prays that the "enforcement of negotiable instruments without possession of the original violates Plaintiff's rights under *Mississippi law and the Fourteenth Amendment.* Plaintiff further alleges a violation of the Uniform Commercial Code and the federal Truth in Lending Act.

This court clearly has subject matter jurisdiction over Mooney's claims. Plaintiff's Motion to Remand should be denied.

WHEREFORE, PREMISES CONSIDERED, defendant respectfully request that plaintiff's Motion to Remand be denied.

Respectfully submitted this 2nd day of September, 2025.

**MCGLINCHEY STAFFORD, PLLC**

/s/ Susan Fahey Desmond
Susan Fahey Desmond (MS Bar No. 5116)
601 Poydras Street, Suite 1200
New Orleans, LA 70130
Telephone: (504) 596-1200
Facsimile: (504) 596-2800
Email:sdesmond@mcglinchey.com
Attorney for Nationstar Mortgage, LLC

**CERTIFICATE OF SERVICE**

I, Susan Fahey Desmond, of McGlinchey Stafford, PLLC, do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which electronic filing system sent notice electronically to all counsel and parties of record.

THIS, the 2nd day of September, 2025.

*/s/ Susan Fahey Desmond*
Susan Fahey Desmond