IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
SEP 0 8 2025
ARTHUR JOHNSTON
BY _____ DEPUTY

BRIAN E. MOONEY,                                          Plaintiff

v.                                                    Civil Action No. 2:25-cv-114-KS-MTP

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER;
DEAN MORRIS, LLC;
MORTGAGE CONNECT, LP;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS");
SUNRISE TITLE SERVICES, INC.;
JOHN DOES 1–10                                   Defendants

## PLAINTIFF'S MOTION TO STRIKE UNSWORN, UNAUTHENTICATED, AND IMPROPER EXHIBITS AND ARGUMENTS

COMES NOW Plaintiff, Brian E. Mooney, Pro Se, and respectfully moves this Court pursuant to Fed. R. Civ. P. 56(c)(2) and the Federal Rules of Evidence to strike certain exhibits and arguments filed by Defendants Nationstar Mortgage, LLC and Mortgage Connect, LP in opposition to Plaintiff's Motion to Remand. In the alternative, Plaintiff asks the Court to exclude or disregard these materials under Fed. R. Evid. 802, 901, and 902.

1. Plaintiff moves to strike Nationstar's Exhibit A (Substitute Trustee's Deed) [Doc. 38].

2. Plaintiff moves to strike Mortgage Connect's Exhibits A, C, D, E, F, G, H, I, M, and N [Doc. 36]. Plaintiff does not move to strike Exhibits J, K, and L to the extent they are true copies of state-court summons and service certificates already on this docket at Doc. 11; Plaintiff asks the Court to rely on the docketed versions at Doc. 11 and disregard any different or uncertified copies unless authenticated under Fed. R. Evid. 901 and 902.

3. For avoidance of doubt, Plaintiff does not move to strike Mortgage Connect's Exhibit B (Rule 7.1 corporate disclosure). It should be considered solely for the limited purpose of establishing Dean Morris, LLC's appearance and not as evidence of any other fact or as consent on behalf of any other defendant.

4. Plaintiff moves to strike all factual assertions and arguments made by Nationstar and Mortgage Connect on behalf of separately named defendants who have not filed their own responses, including arguments made "for MERS," because counsel has not appeared for MERS and is not its attorney of record.

5. Plaintiff moves to strike and disregard all unsworn factual assertions contained in Defendants' memoranda and all exhibits that are not certified under Rule 902(4), supported by a Rule 902(11) custodian certificate, or authenticated by a witness with personal knowledge under Rule 901(b)(1).

6. The grounds for this motion are set forth in the accompanying Memorandum in Support, filed contemporaneously herewith.

WHEREFORE, Plaintiff respectfully requests that the Court grant this Motion to Strike, or in the alternative exclude or disregard the challenged materials, and grant such further relief as justice requires.

Respectfully submitted this 8th day of September, 2025.

*Brian Mooney*
_____
Brian E. Mooney,
Pro Se Plaintiff
436 Old Progress Road
Moselle, MS 39459
(601) 310-6078
ifixem75@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I mailed, by first-class United States mail, postage prepaid, a true and correct copy of the foregoing to:

Susan Fahey Desmond
Counsel for Nationstar Mortgage, LLC and Sunrise Title Services, Inc.
McGlinchey Stafford, PLLC
1020 Highland Colony Parkway, Suite 406
Ridgeland, MS 39157

Steven Price Nixon
Counsel for Mortgage Connect, LP
McCalla, Raymer, Leibert, & Pierce, LLP
1022 Highland Colony Parkway, Suite 304
Ridgeland, MS 39157

Kimberly D. Putnam
Counsel for Dean Morris, LLC
Dean Morris, LLC
855 S. Pear Orchard Road, Suite 404
Ridgeland, MS 39157

/s/ Brian Mooney
Brian E. Mooney,
Pro Se Plaintiff