IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BRIAN E. MOONEY,                                              Plaintiff

v.                                  Civil Action No. 2:25-cv-114-KS-MTP

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER;
DEAN MORRIS, LLC;
MORTGAGE CONNECT, LP;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS");
SUNRISE TITLE SERVICES, INC.;
JOHN DOES 1–10                               Defendants

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO STRIKE

### I. INTRODUCTION

1. A federal court's jurisdiction must rest on competent, admissible evidence. The removing defendants bear the burden of proof. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

2. Defendants Nationstar and Mortgage Connect have not met this burden. They rely on inadmissible exhibits and unsworn assertions, including a defective Substitute Trustee's Deed and exhibits recycled from other litigation.

3. They also attempt to assert defenses and factual positions for parties they do not represent, including Mortgage Electronic Registration Systems, Inc. (MERS). As to Dean Morris, LLC, it has appeared through Defendants' Exhibit B; but other defendants still may not supply Dean Morris's consent or litigate its defenses. Each party must file its own papers and, in removal, must give its own timely written consent. *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262–63 (5th Cir. 1988); *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992).

4. Unsworn statements in briefs are not evidence. *Cutrera v. Bd. of Supervisors of LSU*, 429 F.3d 108, 113 (5th Cir. 2005).

5. Under Fed. R. Civ. P. 56(c)(2), Plaintiff objects because the materials cannot be presented in a form that would be admissible, and under Fed. R. Evid. 802, 901, and 902 they are hearsay and not authenticated.

## II. LEGAL STANDARD

6. Rule 56(c)(2) permits a party to object that cited material cannot be presented in admissible form.

7. The Fifth Circuit excludes unsworn, unauthenticated documents and attorney assertions. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 191 (5th Cir. 1991); *Nissho–Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

8. Evidence must satisfy Rule 802 and the authentication requirements of Rules 901–902 to be considered on fact-dependent motions, including jurisdictional disputes.

## III. NATIONSTAR'S EXHIBIT A IS INADMISSIBLE

9. Nationstar's Exhibit A is a Substitute Trustee's Deed dated July 16, 2025. It recites that a foreclosure occurred and lists a purchase price of $79,405.40, which Defendants cite for amount in controversy.

10. The deed is hearsay under Rule 802, offered for the truth of the matters asserted.

11. It is unauthenticated and unsupported by affidavit or testimony as required by Rule 901. It is not a certified copy under Rule 902(4) and is not supported by a Rule 902(11) custodian certificate.

12. It is contradicted by direct, contemporaneous evidence. Plaintiff's sworn declaration under 28 U.S.C. § 1746 authenticates **Exhibit 3**, a true and correct transcript of the July 16, 2025 proceeding, which captures the auctioneer stating, "No bidders. That is the end of it." This is competent authentication under Fed. R. Evid. 901(b)(1), and the removing party's contrary attorney assertions are not evidence.

13. Because this exhibit cannot be presented in admissible form, it must be excluded under Rule 56(c)(2). Even if it were admissible, attorney assertions cannot establish the amount in controversy. The removing party must offer competent proof. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995); *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995).

14. Defendants' sole "proof" of the jurisdictional amount rests on this inadmissible deed. Without competent evidence, they have not met their burden, and the removal must fail.

### IV. MORTGAGE CONNECT'S EXHIBITS A, C–N ARE INADMISSIBLE

15. Mortgage Connect filed Exhibits A through N with its opposition [Doc. 36]. With the exception of Exhibit B, none is sworn, authenticated, or admissible.

16. The exhibits include corporate filings, service records, and website printouts. None is accompanied by a Rule 902(11) custodian declaration, none is a certified copy under Rule 902(4), and no witness with personal knowledge authenticates them under Rule 901(b)(1).

17. Several exhibits appear copied from unrelated litigation, as shown by the face of the documents. Copying filings from another case does not establish admissibility here.

18. Because these documents are unsworn, unauthenticated, and in many instances irrelevant, they cannot be considered under Rule 56(c)(2) and must be excluded.

19. Exhibits J, K, and L are the summons and service certificates from the state case and are already on this docket at Doc. 11. Plaintiff does not seek to strike them. The Court may take judicial notice of their existence and filing dates. To the extent Defendants rely on different or uncertified versions, Plaintiff asks the Court to rely on the docketed versions at Doc. 11 or require proper authentication under Fed. R. Evid. 901 and 902 and disregard any uncertified copies for evidentiary purposes.

## V. DEFENDANTS CANNOT ARGUE FOR NON-CLIENTS OR SUPPLY OTHER PARTIES' CONSENTS

20. Defendants argue citizenship, service defenses, and other facts for parties they do not represent. This includes arguments for MERS, though counsel has not appeared for MERS and is not its attorney of record.

21. A party may not assert another party's rights or defenses without appearing for that party. *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004). Fed. R. Civ. P. 11(a) requires each paper to be signed by the attorney of record for the party.

22. As to Dean Morris, LLC, while it has appeared through Defendants' Exhibit B, other defendants cannot supply Dean Morris's consent or litigate its defenses. In removal, unanimity requires each appearing defendant's own timely, unambiguous written consent. *Getty Oil*, 841 F.2d at 1262–63; *Kerwood*, 969 F.2d at 167.

23. Defendants also attempt to excuse the lack of unanimous consent by arguing that MERS, Dean Morris, and Sunrise Title were not properly served. This argument fails for two reasons. First, once a party files papers under this Court's caption, such as Dean Morris's Rule 7.1 disclosure, that party has appeared. An appearance triggers the unanimity requirement, regardless of whether service was technically perfected. *Rothner v. City of Chicago*, 879 F.2d 1402, 1416 (7th Cir. 1989). Second, service defects do not authorize other defendants' counsel

to speak on behalf of non-clients. Each party must file its own consent or response. *Getty Oil*, 841 F.2d at 1262–63.

24. Because these arguments are unauthorized and improper, they should be disregarded. Dean Morris must speak for itself by filing its own papers, and MERS must do the same if it wishes to press any service or merits objections.

## VI. STATEMENTS IN MEMORANDA ARE NOT EVIDENCE

25. Defendants rely on unsworn factual assertions in their briefs.

26. Attorney argument is not evidence, and summary-judgment-type proof is required. *Cutrera*, 429 F.3d at 113; *Ragas*, 136 F.3d at 458.

27. The removing defendants must meet their burden with admissible evidence. *Allen*, 63 F.3d at 1335–36.

28. Because they have not, their memoranda cannot sustain jurisdiction and must be disregarded.

## VII. PLAINTIFF'S EXHIBITS ARE COMPETENTLY AUTHENTICATED

29. By contrast, Plaintiff has submitted a sworn declaration under 28 U.S.C. § 1746 authenticating Exhibit 3, a true and correct transcript of the July 16, 2025 foreclosure sale. This declaration satisfies Fed. R. Evid. 901(b)(1), which allows authentication through testimony of a witness with knowledge.

30. The transcript shows the auctioneer stating, "No bidders. That is the end of it." This sworn, contemporaneous evidence directly contradicts the hearsay deed offered by Nationstar. The Court must credit competent sworn evidence over inadmissible attorney argument.

## VIII. CONCLUSION

31. For these reasons, Plaintiff respectfully requests that the Court:

a. Strike Nationstar's Exhibit A (Substitute Trustee's Deed) [Doc. 38];

b. Strike Mortgage Connect's Exhibits A, C, D, E, F, G, H, I, M, and N [Doc. 36];

c. For avoidance of doubt, do not strike Mortgage Connect's Exhibit B (Rule 7.1 corporate disclosure); consider it solely for the limited purpose of establishing Dean Morris, LLC's appearance and not as evidence of any other fact or as consent on behalf of any other defendant;

d. Decline to strike Exhibits J, K, and L only to the extent they are true copies of the state-court records, and rely on the docketed versions at Doc. 11, disregarding any different or uncertified copies unless authenticated under Fed. R. Evid. 901 and 902;

e. Strike or disregard all factual assertions and arguments made by Defendants on behalf of separately named defendants who have not filed responses;

f. Strike and disregard all unsworn factual assertions in Defendants' memoranda; and

g. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 8th day of September, 2025.

_____
Brian E. Mooney,
Pro Se Plaintiff
436 Old Progress Road
Moselle, MS 39459
(601) 310-6078
ifixem75@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on September 8, 2025, I mailed, by first-class United States mail, postage prepaid, a true and correct copy of the foregoing to:

Susan Fahey Desmond
Counsel for Nationstar Mortgage, LLC and Sunrise Title Services, Inc.
McGlinchey Stafford, PLLC
1020 Highland Colony Parkway, Suite 406
Ridgeland, MS 39157

Steven Price Nixon
Counsel for Mortgage Connect, LP
McCalla, Raymer, Leibert, & Pierce, LLP
1022 Highland Colony Parkway, Suite 304
Ridgeland, MS 39157

Kimberly D. Putnam
Counsel for Dean Morris, LLC
Dean Morris, LLC
855 S. Pear Orchard Road, Suite 404
Ridgeland, MS 39157

*/s/ Brian Mooney*
Brian E. Mooney,
Pro Se Plaintiff