IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

SOUTHERN DISTRICT OF MISSISSIPPI
FILED

SEP 1 1 2025

ARTHUR JOHNSTON
BY_____ DEPUTY

BRIAN E. MOONEY,   **Plaintiff**

v.   Civil Action No. 2:25-cv-114-KS-MTP

NATIONSTAR MORTGAGE LLC d/b/a MR. COOPER;
DEAN MORRIS, LLC;
MORTGAGE CONNECT, LP;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS");
SUNRISE TITLE SERVICES, INC.;
JOHN DOES 1–10   **Defendants**

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE IMPROPERLY SERVED FILINGS

COMES NOW Plaintiff, Brian E. Mooney, pro se, and respectfully moves this Court to strike Defendants' filings that were not properly served in compliance with Rule 5 of the Federal Rules of Civil Procedure.

### I. RULE 5 REQUIRES PROPER SERVICE

1. Rule 5(b)(2) specifies the exclusive means of serving pleadings and other papers after the complaint. A party may be served:

   A. by handing it to the person;

   B. by leaving it at the person's office or dwelling;

   C. by mailing it to the person's last known address; or

   D. "by filing it with the court's electronic filing system if the person consented in writing." Fed. R. Civ. P. 5(b)(2)(E).

2. For attorneys, such consent is automatic upon CM/ECF registration. For pro se litigants, it applies only if the litigant formally registers as an electronic filer and expressly consents to electronic service.

1

3. Plaintiff is not a registered electronic filer and has never consented to electronic service from Defendants.

## II. PLAINTIFF'S PRO SE CONSENT FORM DOES NOT AUTHORIZE SERVICE BY OPPOSING COUNSEL

4. Defendants rely on Plaintiff's Pro Se Consent & Registration Form. But the form's own text shows it is limited:

   A. Paragraph 1: "Documents may be served through the Court's transmission facilities by electronic means, but pleadings served with process under Rule 4 are excluded."

   B. Paragraph 2: "I hereby consent to receive service of documents and notice of electronic filings via the court's electronic filing system to the extent and in the manner authorized by the above rules and waiving the right to receive notice by first-class mail pursuant to FRCP 5(b)(2)(D) and FRCP 77(d)."

   C. Paragraph 4: "Litigants who have consented to receive documents electronically will be sent a Notice of Electronic Filing (NEF) via email."

5. By its terms, the form only authorizes the Clerk to substitute NEFs for mailed notices of orders and judgments under Rule 77(d). It does not waive Plaintiff's right to service under Rule 5(b)(2)(C), nor does it authorize opposing counsel to treat NEFs as service.

## III. MOTIONS AND MEMORANDA ARE NOT "PLEADINGS" AND ARE GOVERNED BY RULE 5

6. Defendant argues that Plaintiff's consent form waived service of all filings. That is incorrect. The Rules distinguish between "pleadings" under Rule 7(a) and other papers.

7. Rule 7(a) defines pleadings narrowly as: a complaint, an answer, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if ordered, a reply to an answer.

2

8. Motions, oppositions, memoranda, affidavits, and exhibits are not pleadings. They are filings governed by Rule 5.

9. Therefore, Defendants' motions, oppositions, and memoranda could only be served under Rule 5(b)(2). That Rule requires mailing to Plaintiff's address of record unless Plaintiff has expressly consented in writing to electronic service. Plaintiff has never given such consent.

10. Because Defendants relied solely on CM/ECF notices and failed to mail copies as Rule 5(b)(2)(C) requires, their service is defective and their filings must be stricken.

### IV. NEFs ARE NOTICE, NOT SERVICE

11. Defendants argue that CM/ECF notifications satisfied service. That is incorrect. NEFs are docket notifications generated by the Clerk. They are not service of filings by opposing counsel.

12. Courts consistently reject the claim that NEFs constitute service without express written consent:

    A. *Hunter v. Serv-Tech, Inc., No. 07-9009, 2009 WL 10680049, at \*3 (E.D. La. Aug. 6, 2009)*: "Receipt of a Notice of Electronic Filing does not constitute service where a party has not consented to electronic service."

    B. *Krecek v. City of Pasadena, No. 4:19-cv-1745, 2019 WL 6878817, at \*2 (S.D. Tex. Dec. 17, 2019)*: A pro se litigant who received NEFs "did not waive the right to proper service," because NEFs are not service under Rule 5(b)(2) without written consent.

13. Courts within the Fifth Circuit uniformly require strict compliance with Rule 5(b). NEFs are informational only. Service requires compliance with Rule 5(b)(2)(A)–(D) unless there is express written consent under Rule 5(b)(2)(E).

14. Plaintiff has never provided such consent. Defendants' reliance on NEFs is therefore improper.

### V. NATIONSTAR'S CERTIFICATES OF SERVICE ARE FALSE

15. Nationstar's Opposition (Doc. 44) concedes that its only evidence of service is the Notice of Electronic Filing. It states that "as evidenced on the Notice of Electronic Filing, it has been electronically mailed to Plaintiff." This is not service under Rule 5; it is a docket notice generated by the Clerk.

16. A Notice of Electronic Filing is informational only. Courts have held repeatedly that receipt of an NEF does not constitute service without express consent. *Hunter v. Serv-Tech, Inc.*, No. 07-9009, 2009 WL 10680049, at *3 (E.D. La. Aug. 6, 2009); *Krecek v. City of Pasadena*, No. 4:19-cv-1745, 2019 WL 6878817, at *2 (S.D. Tex. Dec. 17, 2019).

17. Nationstar does not contend that Plaintiff consented to electronic service. Instead, it points only to Plaintiff's pro se consent form, which by its own terms authorizes the Clerk to send docket notices but does not permit opposing counsel to treat NEFs as service.

18. Nationstar's certificate of service repeats the same defect. It recites that counsel "electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which electronic filing system sent notice electronically to all counsel and parties of record." This language admits that Nationstar made no mailing and relied only on notice.

19. Rule 5(b)(2)(C) requires mailing to a party who has not expressly consented to electronic service. Plaintiff has never given such consent. By certifying that service occurred when it did not, Nationstar filed a false certificate in violation of Rule 11(b).

## VI. MORTGAGE CONNECT FILED CONTRADICTORY CERTIFICATES OF SERVICE

20. The same problem is evident with Defendant Mortgage Connect's counsel, Steven Price Nixon.

21. On August 18, 2025, Mr. Nixon filed a certificate of service stating that in addition to CM/ECF filing, he caused a copy to be delivered to Plaintiff "via email and via U.S. Mail, first class, postage prepaid." (See Docket 8).

22. Just three days later, on August 21, 2025, Mr. Nixon filed a second certificate of service that omitted any reference to email or mail and instead stated only that the CM/ECF system "sent notice, electronically to all counsel and parties of record." (See Docket 19).

23. These two certificates are irreconcilable. Either Plaintiff was served by email and mail, or he was not. One of these certificates must be false.

24. What both certificates confirm, however, is that defense counsel treats a Notice of Electronic Filing (NEF) generated by the CM/ECF system as "service." That is legally insufficient under Rule 5(b)(2), which requires personal delivery, mailing, or express written consent to electronic service.

25. By filing contradictory certificates and misrepresenting NEF notice as service, Mortgage Connect has demonstrated the same defective practice as Nationstar. Both Defendants' filings must be stricken.

## VII. PLAINTIFF'S AFFIDAVIT REBUTS ANY PRESUMPTION OF SERVICE

25. Plaintiff filed a sworn affidavit (See **Docket 43, Exhibit 2**) attesting that he has not received any mail from any Defendant in this case.

26. A certificate of service creates only a rebuttable presumption of service. Nissho–Iwai Am. Corp. v. Kline, 845 F.2d 1300, 1306 (5th Cir. 1988). Plaintiff's sworn affidavit rebuts that presumption.

27. Once rebutted, the burden falls on Defendants to provide competent evidence that service occurred, such as proof of mailing or an affidavit from a person with knowledge. Defendants have provided none.

28. Plaintiff continues to receive mailed notices from the Clerk of Court without issue, confirming that the address of record is valid and that the failure lies solely with Defendants' refusal to properly serve under Rule 5.

29. Plaintiff's affidavit therefore proves that service has not been made, further supporting the striking of Defendants' filings.

## CONCLUSION

30. Defendants have never properly served Plaintiff under Rule 5. Their reliance on NEFs is contrary to the Rules, the text of Plaintiff's pro se consent form, the definition of pleadings under Rule 7(a), their own certificates of service, Plaintiff's sworn affidavit, and binding case law. Their certificates are either false or contradictory.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Strike Defendants' filings that were not properly served under Rule 5;

B. Order Defendants to serve Plaintiff by mail under Rule 5(b)(2)(C);

C. Consider appropriate sanctions under Rule 11(c) for filing false certificates of service; and

D. Grant such further relief as the Court deems just and proper.

Respectfully submitted this 11th day of September, 2025.

*Brian Mooney*
Brian E. Mooney
Pro Se Plaintiff
436 Old Progress Road
Moselle, MS 39459
ifixem75@gmail.com
(601) 310-6078

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2025, I mailed, by first-class United States mail, postage prepaid, a true and correct copy of the foregoing to:

Susan Fahey Desmond
Counsel for Nationstar Mortgage, LLC and Sunrise Title Services, Inc.
McGlinchey Stafford, PLLC
1020 Highland Colony Parkway, Suite 406
Ridgeland, MS 39157

Steven Price Nixon
Counsel for Mortgage Connect, LP
McCalla, Raymer, Leibert, & Pierce, LLP
1022 Highland Colony Parkway, Suite 304
Ridgeland, MS 39157

Kimberly D. Putnam
Counsel for Dean Morris, LLC
Dean Morris, LLC
855 S. Pear Orchard Road, Suite 404
Ridgeland, MS 39157

*Brian Mooney*
Brian E. Mooney,
Pro Se Plaintiff